her as a witness in support of his testimony as to what her husband and he said on that occasion. The court properly sustained an objection on the ground that she was the wife of Claussen. It can hardly be said that Claussen was not interested in the event of the suit. Under section 5 of our Evidence Act (J. & A. ¶ 5522) she was not competent to testify to admissions or conversations of her husband made by him to a third person.

Error is well assigned on the third instruction given for plaintiff in error, which is not in accord with our conclusions of law before stated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

---

**Frances E. Thomas, Administratrix, Appellee, v. Wells Fargo & Company, Appellant.**

**Gen. No. 6,371.   (Not to be reported in full.)**

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of facts. Opinion filed August 7, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Frances E. Thomas, administratrix of the estate of Harry Russell Thomas, deceased, plaintiff, against Wells Fargo & Company, defendant, to recover damages for the death of decedent. From a judgment for plaintiff for $14,250, defendant appeals.

HOLT, CUTTING & SIDLEY, for appellant.

C. HELMER JOHNSON and JAMES G. WELCH, for appellee; ARTHUR H. CHETLAIN, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. COURTS, § 83*—*when Circuit Court no jurisdiction of action under Federal Employers' Liability Act.* The Circuit Courts of the State have no jurisdiction in cases brought under the Federal Employers' Liability Act to recover damages for a death occurring outside the State.

2. COURTS, § 150*—*binding effect of decisions of Supreme Court.* The decisions of the Supreme Court on the same point are binding in the Appellate Court.

3. APPEAL AND ERROR, § 1772*—*when case reversed without remanding.* Where the Supreme Court renders a decision on appeal, in an action under the Federal Employers' Liability Act in the Circuit Court to recover damages for the death of a nonresident, that the Circuit Court has no jurisdiction of such a case, while a similar case is pending in the Appellate Court, a judgment against defendant will be reversed without remanding the case.

---

# Dime Savings & Trust Company et al., Appellees, v. Julia Ballance Watson et al., Appellants.

## Gen. No. 6,409.

1. WILLS, § 435*—*when solicitors' fees and expenses not allowed to beneficiaries out of estate in action to construe will.* In a suit brought by the trustees under a will for a construction of the will, making the heirs at law and the beneficiaries under the will parties, who appear by counsel, solicitors' fees and expenses in the Supreme Court on appeal by the beneficiaries from the decree of the trial court construing the will are not allowable to the beneficiaries out of the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.